IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ELIZABETH D. SHAFER, *a minor by and through her parents* RUTH SHAFER *and* GARY SHAFER, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:11-CV-174 |
| v. | ) ) | JUDGE KIM R. GIBSON |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Motion to Remand (Doc. No. 7) filed by Plaintiffs Elizabeth D. Shafer, a minor, by and through her parents, Ruth Shafer and Gary Shafer (collectively, "Plaintiffs"), which Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes. For the reasons that follow, the Court will **DENY** Plaintiffs' motion.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III. BACKGROUND

On September 4, 2009, Elizabeth Shafer was struck while walking in a pedestrian crosswalk and severely injured by an automobile driven by Paula Wolf. (See Doc. No. 7 at 1). At the time of the collision, Ms. Wolf had an insurance policy with Allstate Insurance Company ("Allstate") with a $15,000 liability policy limit and a $30,000 overall policy limit. (See *id.* at 2). Allstate tendered Plaintiffs Ms. Wolf's liability insurance policy limit, and Plaintiffs sought to

1

recover $75,000—the limit of the available underinsured motorist (UIM) coverage under their insurance policy—from their insurer, State Farm. (See *id.*). Plaintiffs contend that State Farm did not conduct a reasonable evaluation of Plaintiffs' UIM claim, and the parties were ultimately unable to agree upon the amount of UIM benefits that Elizabeth is entitled to recover. (See *id.*; Doc. No. 8 at 2-3).

Subsequently, on June 29, 2011, Plaintiffs filed suit in the Court of Common Pleas of Bedford County alleging that State Farm breached its insurance contract and "violated its obligation of good faith and fair dealings" when State Farm failed to consider Plaintiffs' demand for UIM benefits. (See Doc. No. 7 at 2-3). Plaintiffs sought compensatory damages in excess of $75,000, punitive damages, and attorney's fees. (See Doc No. 11 at 2).

On August 1, 2011, State Farm filed a timely notice of removal with this Court. (Doc. No. 1). Thereafter, on August 30, 2011, Plaintiffs filed the instant motion to remand, arguing that a provision within State Farm's insurance contract constituted a forum selection clause, which waived the Defendant's right to remove. (See Doc. No. 7). The motion has been fully briefed, (see Doc. Nos. 8 and 11), and is now ripe for disposition.

## IV. LEGAL STANDARD

### A. Waiver of Right to Remove

Through a contract, a defendant can explicitly or implicitly waive his right to remove an action filed by the opposing party. See *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011); see also *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1218 (3d Cir. 1991). To determine whether a contract contains a waiver of the right to remove, a court should "us[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Foster*, 933 F.2d at 1218. A contract provision waiving the

2

right to remove may be upheld as long as it is "reasonable and voluntary," *Merrill Lynch*, 640 F.3d at 547, and the waiver does not do need to be "clear and unequivocal." *Foster*, 933 F.2d at 1218. However, the wording of a contract provision must still be "given its plain and ordinary meaning," *Merrill Lynch*, 640 F.3d at 548, and "a court construing a contractual provision [should] not re-draft the provision to give it a sensible meaning which does not otherwise exist." *Little League Baseball, Inc. v. Welsh Publ'g Group*, Inc., 874 F. Supp. 648, 655 (M.D. Pa. 1995).

### B. Ambiguity under Pennsylvania Law

Pennsylvania law governs the interpretation of the insurance contract in this diversity action. In *Meyer v. CUNA Mut. Ins. Soc'y*, 648 F.3d 154 (3d Cir. 2011), the Third Circuit recently explained how insurance contracts are to be interpreted under Pennsylvania law. To wit:

> The rules of analysis of insurance policies in Pennsylvania are well established. The goal of interpreting an insurance policy, like that of interpreting any other contract, is to determine the intent of the parties. It begins with the language of the policy. A policy must be read as a whole and its meaning construed according to its plain language.
>
> The burden of drafting with precision rests with the insurance company, the author of the policy. An ambiguity in contract language exists when the questionable term or language, viewed in the context of the entire policy, is reasonably susceptible of different constructions and capable of being understood in more than one sense. Where a term is ambiguous, it is to be construed against the insurer, in favor of the insured. The policy rationale underlying strict application of the doctrine is that because most insurance agreements are drafted by the insurance industry, they are essentially contracts of adhesion.
>
> Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language. Courts should not distort the meaning of the language or strain to find an ambiguity. A contract is not rendered ambiguous merely because the parties disagree about its construction.

*Meyer*, 648 F.3d at 163-64 (citations and quotation marks omitted); see also *Great Am. Ins. Co. v. Int'l Custom Prods.*, Civ. A. No. 3:09-124, 2011 U.S. Dist. LEXIS 151378, *9-10 (W.D. Pa. Oct. 31, 2011).

3

## V. DISCUSSION

The State Farm insurance policy provision at issue in this case pertains to the procedure for resolving disagreements involving an insured's entitlement to UIM benefits. (See Doc No. 8 at 2-3). The provision provides that if the parties cannot agree on whether Plaintiffs may recover compensatory damages from an underinsured motorist or the amount of those damages, then the insured shall:

(1) file a lawsuit, in a state or federal court that has jurisdiction, against:
    (a) *us*;
    (b) the owner and driver of the *underinsured motor vehicle*...; and
    (c) any other party or parties who may be legally liable for the *insured's* damages[.]

(See Doc. No. 7-3 at 24) (emphasis in original).

Plaintiffs argue that this contractual provision: (1) constitutes a forum selection clause, which effectuates a waiver of State Farm's right to remove; or (2) is ambiguous as to whether it is a forum selection clause or a waiver of State Farm's right to remove, and thus, this Court must interpret the provision in Plaintiffs' favor. (See Doc. No. 8 at 3-4). The Court will address these arguments in turn.

### A. Waiver

In *Craker v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-0225, 2011 U.S. Dist. LEXIS 47342 (W.D. Pa. May 2, 2011) (Lancaster, C.J.), this Court recently considered: (1) whether the exact same State Farm provision which is at issue in this case constituted a forum selection clause; and (2) whether State Farm waived its right of removal by including that provision. The Court concluded that the provision was not a forum selection clause because "[t]he concern of the clause is not **where** a lawsuit will be filed, but with the fact that **a lawsuit** must be filed." *Id.*, 2011 U.S. Dist. LEXIS 47342 at *8 (emphasis in original). Accordingly, the Court continued,

4

"the clause could not reasonably be interpreted to waive State Farm's right to remove an action filed by the [plaintiffs] in state court." *Id.* Furthermore, the Court found that *even if* the language was to be construed as a forum selection clause, the clear language of the provision "cannot reasonably be interpreted to constitute a waiver of State Farm's right to remove." See *id.* at *8-9.

The same conclusions are compelled in the case *sub judice*. The provision at issue is not a forum selection clause; rather, the clause explains that lawsuits are the means by which certain disputes will be resolved. As Chief Judge Lancaster aptly explained, the provision is not concerned with *where* a lawsuit must be filed, but *that* a lawsuit must be filed. See *id.* at *8. Even if this Court were to consider this provision to be a forum selection clause, the ordinary and plain language of the provision cannot be read to support Plaintiffs' contention that State Farm forfeited its right to object to the jurisdiction of the court selected by the Plaintiffs. The provision simply provides no limitation on how State Farm may respond to Plaintiffs' suit. This Court is compelled to effectuate the clear and unambiguous language of the contract, see *Meyer*, 648 F.3d at 164, and, therefore, the Court finds that State Farm has not waived its right to remove.[1]

## B. Ambiguity

Alternatively, Plaintiffs argue that the provision is ambiguous as to whether it is a forum selection clause which waives State Farm's right to removal, and that such ambiguities must be read in the light most favorable to Plaintiffs because they did not draft the provision and had less

---

[1] While Plaintiffs contend that this Court should reach a different conclusion than it did in *Cracker*, the cases they cite to support this argument dealt with contractual provisions with substantially different language than the State Farm provision presently at issue. See, e.g. *Foster*, 933 F.2d at 1207 (upholding the district court's conclusion that by consenting to "submit" to "any court" of competent jurisdiction "at the request of the Company," and to comply with all requirements necessary to give "such court" jurisdiction, the defendant agreed to go to, and stay in, the forum chosen by the insurer); *Gust v. USFalcon, Inc.*, Civ. A. No. 09-3307 (MLC), 2009 U.S. Dist. LEXIS 89920 (D.N.J. Sept. 28, 2009) (where the defendants agreed to "submit" to the jurisdiction of a certain court); *Merrill Lynch*, 640 F.3d at 548-49 (where the provision provided that "exclusive jurisdiction . . . shall lie in the appropriate courts of the State [of] New Jersey," and the court found that the parties intended that only courts belonging to the state of New Jersey would have jurisdiction). These distinguishable cases do not alter the Court's analysis of the instant State Farm provision.

5

bargaining power than State Farm. (See Doc. No. 8 at 4). Under Pennsylvania law, an ambiguity in insurance contract language exists when the questionable term or language, viewed in the context of the entire policy, is reasonably susceptible of different constructions and capable of being understood in more than one sense. *Meyer*, 648 F.3d at 163 (citations omitted).

Instantly, the Court concludes that the State Farm provision at issue is unambiguous. The provision quite clearly indicates that Plaintiffs may file a lawsuit in state or federal court in order to resolve disputes over UIM benefits. It is also equally clear what the provision does *not* say: there is absolutely no language indicating that State Farm has waived any removal rights. In other words, the provision explains what one party may do, but provides no limitation on how the other party may respond. Such a provision is not reasonably susceptible to an alternative construction which construes silence about State Farm's available responses as a waiver of the right to remove.[2]

Plaintiffs lastly contend that where, as here, the matter involves non-commercial insureds, unambiguous language which favors the insurer may be overcome by the reasonable expectations of the insureds when the terms of the contract are not readily apparent to them. (See Doc. No. 8 at 11) As the Third Circuit has explained, "[i]n most cases, the language of the insurance policy will provide the best indication of the content of the parties' reasonable expectations." *Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 440 (3d Cir. 2006) (quoting *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 418 F.3d 330, 344 (3d Cir. 2005)).

---

[2] Plaintiffs also contend that because the United States District Court for the Northern District of West Virginia concluded that the State Farm clause at issue was a forum selection clause in *Sauvageot v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 5:11CV13, 2011 U.S. Dist. LEXIS 73446 (N.D. W. Va. July 8, 2011), the provision must be reasonably susceptible to alternative construction. (See Doc. No. 8 at 16). But Plaintiffs' argument misses the mark; the Court in *Sauvageot* did not consider the question at issue here, whether the language could be construed as a waiver of State Farm's right to remove. As Chief Judge Lancaster explained in *Cracker*, even if the clause is construed as a forum selection clause, its language cannot be construed to constitute a waiver of State Farm's right of removal. See *id.* at *8-9.

Here, the Court finds that terms of the contract were readily apparent to Plaintiffs: the plain language of the contract provided for lawsuits as a dispute resolution mechanism. Plaintiffs could not have reasonably expected, however, that a provision which was silent regarding State Farm's right of removal would be construed as a waiver of that right. Accordingly, the Court finds that Plaintiffs' reasonable expectations do not differ from the unambiguous language of the contract.

## VI.  CONCLUSION

For the above reasons, the Court concludes that the State Farm contract provision at issue was unambiguous and did not constitute a waiver of the State Farm's right to remove. Thus, the Court will **DENY** Plaintiffs' motion to remand this matter back to the Court of Common Pleas of Cambria County. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH D. SHAFER, *a minor by and through her parents* RUTH SHAFER *and* GARY SHAFER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 3:11-CV-174<br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this 8th day of February 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. No. 7) is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

8