**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH D. SHAFER, *a minor by and* | ) | |
| *through her parents* RUTH SHAFER *and* | ) | |
| GARY SHAFER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. 3:11-CV-174 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER OF COURT**

**I.    SYNOPSIS**

This matter comes before the Court on the Motion to Strike (Doc. No. 5) filed by

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), which Plaintiffs

Elizabeth, Ruth, and Gary Shafer (collectively, "Plaintiffs") oppose. For the reasons that follow,

the Court will **GRANT in part** and **DENY in part** State Farm's motion.

**II.   JURISDICTION AND VENUE**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is

proper under 28 U.S.C. § 1391(a).

**III.  BACKGROUND**[1]

This cases stems from an accident that occurred on September 4, 2009 in which an

automobile struck and severely injured Elizabeth Shafer as she was walking in a pedestrian

crosswalk in Bedford County, Pennsylvania. Plaintiffs received the liability insurance policy

---

[1] The Court detailed the factual and procedural background of this case in its Memorandum and Order (Doc. No. 12) dated February 8, 2012. Because familiarity with that decision is presumed, this section is limited to the facts relevant to the disposition of the instant motion.

limit from the driver's insurer and sought to recover $75,000—the limit of the available underinsured motorist (UIM) coverage under their insurance policy—from their insurer, State Farm. Plaintiffs and State Farm were unable to resolve the claim for UIM benefits, and Plaintiffs subsequently filed suit in the Court of Common Pleas of Bedford County alleging that State Farm breached its insurance contract and violated its obligation of good faith and fair dealings.

On August 1, 2011, State Farm filed a timely notice of removal (Doc. No. 1) with this Court. Plaintiffs filed a Motion to Remand (Doc. No. 7), which the Court denied by Memorandum and Order (Doc. No. 12). State Farm filed the instant motion (Doc. No. 5) and supporting brief (Doc. No. 6) requesting that the Court strike Plaintiffs' demands for attorney's fees and compensatory damages, as well allegations that State Farm owed Plaintiffs a fiduciary duty. Plaintiffs filed their response (Doc. No. 9) and supporting brief (Doc. No. 10) requesting that the Court deny State Farm's motion or grant Plaintiffs leave to amend the Complaint. The motion is now ripe for disposition.

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under Rule 12(f), the standard for striking portions of a complaint "'is strict and . . . only allegations that are so unrelated to the plaintiff['s] claims as to be unworthy of any consideration should be stricken.'" *Johnson v. Anhorn,* 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.,* Civ. A. No. 03-2292, 2004 U.S. Dist. LEXIS 1988, *18 (E.D. Pa. Feb. 4, 2004)). Moreover, striking portions of a plaintiff's pleading is a "drastic remedy[,]" which should be used only when justice requires it. *Johnson,* 334 F. Supp. 2d at 809 (quoting *United States v. Am. Elec. Power Serv. Corp.,* 218 F. Supp. 2d

2

931 (S.D. Ohio 2002)) (quotations omitted); see also *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (providing that while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored"). Motions to strike are decided on the pleadings alone. *DeLa Cruz*, 521 F. Supp. 2d at 429 (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994)).

## V. DISCUSSION

State Farm contends that the Court should strike Plaintiffs': (1) demand for attorney's fees from the breach of contract claim; (2) demand for compensatory damages from the bad faith claim; and (3) allegations that State farm owed and breached its fiduciary duty to Plaintiffs. If the Court strikes any of these contested portions of the Complaint, Plaintiffs request leave to amend. The Court will address these issues in turn.

### 1. Attorney's Fees

State Farm first contends that the Court should strike Plaintiffs' demand for attorney's fees from Count I (Breach of Contract) of the Complaint because they are not recoverable under Pennsylvania contract law. (See Doc. No. 6 at 2-3). Plaintiffs concede that "attorney's fees are not recoverable under a pure breach of contract action" in Pennsylvania, but contend that the demand should not be stricken from Count I because Count II of the Complaint seeks attorney's fees in conjunction with a bad faith claim. (See Doc. No. 10 at 4).

The Court recently addressed this exact issue in *Craker v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-0225, 2011 U.S. Dist. LEXIS 47342 (W.D. Pa. May 2, 2011) (Lancaster, C.J.). In *Cracker*, the Court concluded that it was proper to strike the demand for attorney's fees from the breach of contract counts in the complaint, but permit the plaintiffs to pursue attorney's fees in

their bad faith count. See *id.* at \*14. The same result is appropriate here. Accordingly, the Court will strike Plaintiffs' demand for attorney's fees from only Count I of the Complaint. (See Doc. No. 1-2 at 10).

## 2. Compensatory Damages

State Farm also requests that the Court strike Plaintiffs' demand for compensatory damages from Count II (Bad Faith) of the Complaint because they are not recoverable under the Pennsylvania bad faith statute, 42 PA. CONS. STAT. § 8371. (See Doc. No. 6 at 3).[2] The Supreme Court of Pennsylvania has made it abundantly clear that plaintiffs "may not recover compensatory damages based on Section 8371[.]" *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 884 (Pa. 2007) (quoting *The Birth Ctr. v. The St. Paul Cos.*, 787 A.2d 376, 386 (Pa. 2001)). While Section 8371 does not prohibit the award of compensatory damages for common law contract claims, such damages are not recoverable in a claim predicated on Section 8371. See *id.* Because Count II of the instant Complaint is based on a violation of Section 8371, the Court will strike Plaintiffs' demand for compensatory damages from that count.[3]

## 3. Fiduciary Duty

State Farm also claims that the Court should strike Plaintiffs' allegations that State Farm owed and breached its fiduciary duty to Plaintiffs because such duty is not imposed upon

---

[2] Paragraph 46 of Count II alleges that State Farm "has violated 42 Pa. C.S.A. § 8371 for which [State Farm] is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the court deems appropriate." (Doc. No. 1-2 at ¶ 46). Additionally, the *ad damnum* or "WHEREFORE" clause of Count II requests that the Court enter judgment against State Farm "in an amount in excess of the arbitration limits for compensatory damages, punitive damages, interest, costs of suit, attorney's fees and any other damages allowed by 42 Pa. C.S.A. § 8371." (*Id.* at 12).

[3] Plaintiffs claim that in *Rankin v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-331, 2011 U.S. Dist. LEXIS 55305 (W.D. Pa. April 27, 2011) (Mitchell, M.J.), this Court recently rejected the contention that compensatory damages are not available under Section 8371. (See Doc. No. 10 at 6). But Plaintiffs misapprehend the Report and Recommendation written by Magistrate Judge Mitchell and adopted by the Court on May 24, 2011. See *Rankin v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-331, 2011 U.S. Dist. LEXIS 55300 (W.D. Pa. May 24, 2011) (Fischer, J.). The Court recognized in *Rankin* as it does now that Section 8371 does not prohibit the award of compensatory damages or abrogate the common law remedy of compensatory damages in a breach of contract action; nevertheless, compensatory damages are not recoverable in a claim *for a violation of* Section 8371.

4

insurers in the UIM context. (See Doc. No. 6 at 4). State Farm presented this same argument to the Court in *Rankin v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-331, 2011 U.S. Dist. LEXIS 55305, \*16-17 (W.D. Pa. April 27, 2011) (Mitchell, M.J.). In *Rankin*, the Court: (1) noted that opinions from the Superior Court of Pennsylvania on the issue of an insurer's duty in UIM cases "are not readily reconcilable"; and (2) ultimately denied State Farm's request to strike the fiduciary duty allegations from the complaint because State Farm failed to "demonstrate[] that it will suffer prejudice from Plaintiff's allegation that it owed her a fiduciary duty to act in good faith in handling her UIM claim." *Id.* at \*17.

The Court concludes that State Farm has failed to meet its burden in this case as well. To demonstrate the prejudicial effect, State Farm does nothing more than simply state that it will be prejudiced by the inclusion of the allegations. (See Doc. No. 6 at 5). Perhaps more troubling, State Farm's motion to strike and supporting brief is bereft of any reference to Rule 12(f) or the applicable legal standard governing motions to strike. (See Doc. Nos. 5, 6). It is an uphill battle for a movant to demonstrate that allegations in a complaint are redundant, immaterial, impertinent, or scandalous, which becomes more difficult when the movant does not cite to relevant authority or frame its argument in terms of the appropriate standard. State Farm has not met its burden here; therefore, the Court will decline to strike the fiduciary duty allegations from the Complaint.

## 4. Leave to Amend

Plaintiffs request leave to amend should the Court—as it has done here—strike portions of the Complaint. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, which "[t]he court should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2). However, this Court may deny leave for numerous reasons

5

including futility of amendment. *Amerex Envtl. Techs., Inc. v. Foster*, Civ. A. No. 11-349, 2012 U.S. Dist. LEXIS 21236, \*8 (W.D. Pa. Feb. 21, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is appropriately denied as futile if it is "frivolous or advances a claim or defense that is legally insufficient on its face." *Carter v. Estate of Lewis*, Civ. A. No. 08-1301 (JAP), 2009 U.S. Dist. LEXIS 120359, \*4-5 (D.N.J. Dec. 28, 2009) (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)).

Instantly, the Court has stricken Plaintiffs' claims for two types of damages to which they are not entitled under the governing substantive law: attorney's fees for a breach of contract claim and compensatory damages for a bad faith claim. It would be futile to grant Plaintiffs leave to amend their Complaint to once again include claims for damages which are not recoverable under the governing substantive law because such claims are insufficient on their face. See *Carter*, 2009 U.S. Dist. LEXIS 120359 at \*4-5. Accordingly, the Court will **DENY** Plaintiffs' request for leave to amend.

## VI. CONCLUSION

For the above reasons, the Court will strike Plaintiffs' demand for attorney's fees from their breach of contract claim and the demand for compensatory damages from their bad faith claim, but **DENY** the motion to strike in all other requests. The Court will also **DENY** Plaintiffs' request for leave to amend. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH D. SHAFER, *a minor by and*<br>*through her parents* RUTH SHAFER *and*<br>GARY SHAFER,<br><br>         Plaintiffs,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 3:11-CV-174
JUDGE KIM R. GIBSON

## ORDER

**AND NOW**, this 9th day of March 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike (Doc. No. 5) is **GRANTED in part** and **DENIED in part**. To wit, the Court strikes Plaintiffs' demand for attorney's fees from their breach of contract claim and the demand for compensatory damages from their bad faith claim, but **DENIES** the motion to strike in all other requests.

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend their Complaint is **DENIED**.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**